IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANK GORDON AND<br>JOAN GORDON,<br>   *Plaintiffs*, | § § § § | |
| v. | § | CIVIL ACTION NO. 1:11-cv-00891-SS |
| WELLS FARGO BANK, N.A. AND<br>BRICE, VANDER LINDEN &<br>WERNICK, P.C.,<br>   *Defendants*. | § § § § § | |

## DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS

TO THE HONORABLE SAM SPARKS:

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby files this motion to dismiss Plaintiffs' Original Petition and Application for Temporary Restraining Order (the "Complaint"), and respectfully states as follows:

### I. INTRODUCTION

This case was filed to delay foreclosure on residential property. In July 2005, Plaintiff Joan Gordon executed a Texas Home Equity Note (the "Note") in the amount of $182,300. *See* Complaint ¶ 9. Plaintiffs Frank Gordon and Joan Gordon ("Plaintiffs") also executed a Texas Home Equity Security Instrument (the "Deed of Trust") that granted a security interest in their home (the "Property"), naming Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. *See id.* ¶¶ 9, 11. In December 2009, the Note and Deed of Trust (collectively, the "Loan") were assigned to US Bank National Association, as Trustee for CSFB HEAT 2005-8 ("US Bank"). *See id.* ¶ 11.

Plaintiffs defaulted on the Loan, and Wells Fargo—acting as Loan servicer on behalf of the current mortgagee US Bank—delivered to Plaintiffs a notice of foreclosure sale of the

Property to take place on September 6, 2011. *See id.* ¶¶ 8, 10. Plaintiffs filed this lawsuit to enjoin such foreclosure sale.

In their Complaint, Plaintiffs do not deny that they are in default under the Loan. Instead, Plaintiffs contend that Wells Fargo does not have authority to foreclosure. The basis for this contention is Plaintiffs' allegations that the assignment of the Note and Deed of Trust was ineffective because US Bank requires the Note and Deed of Trust to be assigned within three months of the loan closing and US Bank also does not authorize assignments when the Note is already in default—as is the case here. According to Plaintiffs, because the assignment to US Bank was defective, Wells Fargo cannot service the Loan on behalf of US Bank.

However, Plaintiffs' claims cannot withstand scrutiny under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have no standing to assert their claims. Nor have Plaintiffs alleged facts necessary to support any of their claims.

## II. DISMISSAL IS PROPER UNDER RULE 12(B)(6)

### A. Plaintiffs Have No Standing to Challenge the Assignment of the Loan to US Bank.

All of Plaintiffs' claims are based on the proposition that the terms of the Trust[1] did not authorize the assignment of the Loan to US Bank (as trustee) at the time it was assigned. *See id.* ¶¶ 12-13, 25-26, 28. Plaintiffs have no standing to challenge the validity of the assignment of the Loan because Plaintiffs are neither a party or third-party beneficiary of the assignment nor a party or third-party beneficiary of the Trust. *See Eskridge v. Fed. Home Loan Mortgage Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding that mortgagor had no standing to contest assignment of her note); *see Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010) (holding that mortgagor had no standing to sue for

---

[1] Plaintiffs have not attached a copy of the Trust to their Complaint.

breach of trust's pooling and servicing agreement under which the loan was "bundled" and sold or transferred). Therefore, all of Plaintiffs' claims must be dismissed.

**B.      Plaintiffs Fail to State a Claim for Negligence or Negligent Misrepresentation.**

Plaintiffs assert that Wells Fargo's pursuing foreclosure of the Property and averring it had the authority to do so constituted negligence and negligent misrepresentation. *See id.* ¶¶ 24-26. Plaintiffs base their negligence-based claims on a duty "not to assume servicing duties on a mortgage without proper authority." *Id.* ¶ 24. Even assuming such conduct could give rise to negligence tort liability, Plaintiffs have failed to state any such claim.

Damages are an essential element of a negligence cause of action. *See In re Swift*, 129 F.3d 792, 795 (5th Cir. 1997). Pecuniary loss also is an essential element of a negligent misrepresentation claim. *See Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005). To assert either cause of action, then, Plaintiffs are required to plead the existence of damages. *See Kawecki v. Int'l Bank of Commerce*, No. 14-01-01025-CV, 2003 WL 21782345, at *5 (Tex. App.—Houston [14th Dist.] July 31, 2003, no pet.) ("To be entitled to damages for . . . negligent misrepresentation, a party must plead . . . economic damages."); *Express One Int'l, Inc. v. Steinbeck*, 53 S.W.3d 895, 899 (Tex. App.—Dallas 2001, no pet.) ("To be entitled to damages for negligence, a party must plead . . . either a personal injury or property damage . . . ."). Plaintiffs have not pleaded any damages caused by Wells Fargo's alleged negligence or negligent misrepresentations. *See* Complaint ¶¶ 23-26. Nor have Plaintiffs identified *any* harm potentially suffered other than a foreclosure sale that *has not occurred. See id.* ¶ 17. Accordingly, Plaintiffs' negligence-based claims must be dismissed.

AUS:0567447/00323:464983v1

## C. Plaintiffs Fail to State a Claim under the Texas Deceptive Trade Practices-Consumer Protection Act.

Plaintiffs allege that Wells Fargo's actions in pursuing a substitute trustee's sale of the Property violated the Texas Deceptive Trade Practices-Consumer Protection Act (the "DTPA"). *See id.* ¶¶ 28-31. However, Plaintiffs have failed to allege any facts that would support a claim against Wells Fargo for violation of the DTPA.

To maintain a cause of action under the DTPA, a plaintiff must establish that he fits within the statute's definition of a "consumer" with respect to his claim against the defendant. *See Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied) (citing *Brown v. Bank of Galveston, N.A.*, 963 S.W.2d 511, 513 (Tex. 1998)). Whether the plaintiff is a consumer under the DTPA is a question of law to be determined by the trial court. *See id.* at 160. A two-part test applies: (1) the plaintiff must have sought or acquired goods or services by purchase or lease; and (2) the goods or services sought or acquired must form the basis of the DTPA complaint. *Id.* at 159.

It is well-established under Texas law that borrowing money does not constitute the acquisition of a good or service. *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 566-67 (Tex. 1984); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-76 (Tex. 1980). Even if a lender provides services that are incidental to the completed mortgage loan, the performance of such services does not transform the borrower into a "consumer" for purposes of the DTPA. *See Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 166-67 (Tex. App.—Austin 1996, no writ). In addition, the Loan's connection to the Property cannot confer consumer status on Plaintiffs when all relevant actions occurred *after* Plaintiffs' purchase of the Property. *See Gonzales v. Am. Title Co.*, 104 S.W.3d 588, 595 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (holding that borrowers had no DTPA standing against purchaser of mortgage because it had no contact

with borrowers until assigned the loan); *Tex. Cookie Co. v. Hendricks & Peralta, Inc.*, 747 S.W.2d 873, 880 (Tex. App.—Corpus Christi 1988, writ denied) (post-transaction representations are generally not subject to DTPA actions).

All of Plaintiffs' allegations in support of their DTPA claim relate to the Loan's assignment and subsequent foreclosure-related activities, all of which occurred long after the purchase of the Property and have nothing to do with the prior purchase of the Property or the origination of the Loan—they relate only to foreclosure. *Compare* Complaint ¶ 9 (Loan originated in 2005), *with id.* ¶ 11 (Loan assigned to US Bank in 2009). Plaintiffs' claim that they "sought loan servicing" is misleading at best given their prior acknowledgement that Wells Fargo was providing loan serving on behalf of US Bank—not Plaintiffs. *Compare id.* ¶ 13 (discussing servicing agreement between US Bank and Wells Fargo), *with id.* ¶ 28 ("Plaintiffs sought loan servicing."). Such claim is, moreover, insufficient to allege consumer status under the DTPA. *See Hansberger v. EMC Mortgage Corp.*, No. 04-08-00438-CV, 2009 WL 2264996, at *2 (Tex. App.—San Antonio July 29, 2009, pet. denied) (holding that loan servicing is not good or service under DTPA).

Therefore, Plaintiffs fail to qualify as "consumers" and lack standing to bring their DTPA claim against Wells Fargo as a matter of law. Plaintiffs' DTPA claim must be dismissed.

**D.  Plaintiffs' Request for Injunctive Relief Does Not Save the Complaint from Dismissal.**

Plaintiffs allege they are entitled to injunctive relief. *See* Complaint ¶¶ 16-22. However, Plaintiffs' request for injunctive relief cannot stand in the absence of an underlying claim to support it. *See Cooper v. Litton Loan Servicing, L.P.*, 325 S.W.3d 766, 769-70 (Tex. App.—Dallas 2010, pet. denied) ("To obtain an injunction a party must first assert a cause of action.").

- 5 -

AUS:0567447/00323:464983v1

Since all of Plaintiffs' underlying claims fail,[2] Plaintiffs' request for injunctive relief fails as well.

WHEREFORE, Wells Fargo respectfully requests that the Court grant the foregoing Motion, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss all of Plaintiffs' claims as a matter of law, with prejudice as to the refiling of same. Wells Fargo further prays that the Court grant it all other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ Ryan D. V. Greene
Robert T. Mowrey
State Bar No. 14607500
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800
rmowrey@lockelord.com

B. David L. Foster
State Bar No. 24031555
Ryan D. V. Greene
State Bar No. 24012730
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
rgreene@lockelord.com

ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.

---

[2] This includes any purported claim under the Texas Fair Debt Collections Act ("FDCA"). Although they do not expressly assert such a claim, Plaintiffs refer to the FDCA in the context of their "probable right to relief." *See* Petition ¶ 16. Even if Plaintiffs did assert an FDCA claim, such claim would fail as a matter of law because, as discussed above, Plaintiffs have no standing to challenge the validity of the assignment of the Loan.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 18th day of October, 2011 to the following:

**VIA ECF**
Anthony G. Read
1609 Shoal Creek Blvd., Suite 210
Austin, Texas 78701

**VIA ECF**
Selim H. Taherzadeh
Brice, Vander Linden & Wernick, P.C.
9441 LBJ Freeway, Suite 250
Dallas, Texas 75243

**VIA FACSIMILE (972) 643-6699**
David C. Romness
Lauren R. Godfrey
Brice, Vander Linden & Wernick, P.C.
9441 LBJ Freeway, Suite 250
Dallas, Texas 75243

Ryan D. V. Greene

<6>
- 7 -

AUS:0567447/00323:464983v1
